1  William D. Hyslop
2  United States Attorney
   Eastern District of Washington
3  David M. Herzog
4  Assistant United States Attorney
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 06 2019

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSICA ANN CUNNINGTON
(a/k/a "Akoostik1") and
TIMOTHY PAUL MARCHINI
(a/k/a "daddy4ltlgrl"),

    Defendants.

**2:19-CR-127-RMP**

INDICTMENT

Vio:  18 U.S.C. § 2252A(a)(1), (b)(1)
Conspiracy to Transport Child Pornography (Count 1)

18 U.S.C. § 2251(a), (e)
Production of Child Pornography (Count 2)

18 U.S.C. § 2252A(a)(2)(A), (b)(1)
Distribution of Child Pornography (Counts 3 and 5)

18 U.S.C. § 2252A(a)(2)(A), (b)(1)
Receipt of Child Pornography (Counts 4 and 6)

18 U.S.C. § 2253
Forfeiture Allegations

INDICTMENT – 1

The Grand Jury charges:

## COUNT 1

Between on or about August 18, 2018, and continuing through on or about August 19, 2018, in the Eastern District of Washington and elsewhere, Defendant JESSICA ANN CUNNINGTON (a/k/a "Akoostik1") knowingly and willfully conspired and agreed with Defendant TIMOTHY PAUL MARCHINI (a/k/a "daddy4ltlgrl"), who had prior convictions under the laws of the State of California relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor, namely, convictions for Unlawful Sexual Intercourse With a Minor Who Was More Than Three Years Younger Than Defendant, in violation of California Penal Code Section 261.5(c), on June 7, 2017, and Sexual Penetration of Another Person Who Is Under 18 Years of Age, in violation of California Penal Code Section 289(h), on June 7, 2017, to transport, using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, child pornography, as defined in 18 U.S.C. § 2256(8)(A), including visual depictions of a minor engaging in sexually explicit conduct, including the lascivious exhibition of their genitals and pubic areas, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1).

## COUNT 2

On or before August 19, 2018, in the Eastern District of Washington and elsewhere, the Defendant, JESSICA ANN CUNNINGTON (a/k/a "Akoostik1"), did knowingly employ, use, persuade, induce, entice, and coerce Minor Victim 1, a minor girl who was then three years of age, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transmitted using any means and facility of

interstate commerce, namely the Internet, and such visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 3

On or about August 18, 2018, and continuing through on or about August 19, 2018, in the Eastern District of Washington and elsewhere, the Defendant, JESSICA ANN CUNNINGTON (a/k/a "Akoostik1"), did knowingly distribute child pornography, as defined in 18 U.S.C. § 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, the Internet, that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: a visual depiction of a minor engaging in sexually explicit conduct, including the lascivious exhibition of her genitals and pubic area, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

COUNT 4

On or about August 18, 2018, and continuing through on or about August 19, 2018, in the Eastern District of Washington and elsewhere, the Defendant, JESSICA ANN CUNNINGTON (a/k/a "Akoostik1"), did knowingly receive child pornography, as defined in 18 U.S.C. § 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, the Internet, that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: a visual depiction of a minor engaging in sexually explicit conduct, including the lascivious exhibition of her genitals and pubic area, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

## COUNT 5

On or about August 18, 2018, and continuing through on or about August 19, 2018, in the Eastern District of Washington and elsewhere, the Defendant, TIMOTHY PAUL MARCHINI (a/k/a "daddy4ltlgrl"), who had prior convictions under the laws of the State of California relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor, namely, convictions for Unlawful Sexual Intercourse With a Minor Who Was More Than Three Years Younger Than Defendant, in violation of California Penal Code Section 261.5(c), on June 7, 2017, and Sexual Penetration of Another Person Who Is Under 18 Years of Age, in violation of California Penal Code Section 289(h), on June 7, 2017, did knowingly distribute child pornography, as defined in 18 U.S.C. § 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, the Internet, that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: a visual depiction of a minor engaging in sexually explicit conduct, including the lascivious exhibition of her genitals and pubic area, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

## COUNT 6

On or about August 18, 2018, and continuing through on or about August 19, 2018, in the Eastern District of Washington and elsewhere, the Defendant, TIMOTHY PAUL MARCHINI (a/k/a "daddy4ltlgrl"), who had prior convictions under the laws of the State of California relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor, namely, convictions for Unlawful Sexual Intercourse With a Minor Who Was More Than Three Years Younger Than Defendant, in violation of California Penal Code Section 261.5(c), on June 7, 2017, and Sexual Penetration of Another Person Who Is Under 18 Years of Age, in violation of

California Penal Code Section 289(h), on June 7, 2017, did knowingly receive child pornography, as defined in 18 U.S.C. § 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, the Internet, that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: a visual depiction of a minor engaging in sexually explicit conduct, including the lascivious exhibition of her genitals and pubic area, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C § 2252A(a)(1), (b)(1), 18 U.S.C § 2251(a), (e), or 18 U.S.C § 2252A(a)(2), (b)(1), as charged in Counts 1 - 6 of this Indictment, the Defendants JESSICA ANN CUNNINGTON (a/k/a "Akoostik1") and TIMOTHY PAUL MARCHINI (a/k/a "daddy4ltlgrl"), shall forfeit to the United States of America any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of that chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property. The property to be forfeited includes, but is not limited to:

- A white Apple iPhone, Model Number A1533, FCC ID Number BCG-E2642A, IMEI Number 356964064546390.

INDICTMENT – 5

If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

DATED this 6 day of August, 2019.

                                              A TRUE BILL

_____
William D. Hyslop
United States Attorney

_____
David M. Herzog
Assistant United States Attorney

INDICTMENT – 6